UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIAM NAYDOL, | |
| --- | --- |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-1042-RLM-MGG |
| SERGEANT ROBINSON, | |
| Defendant. | |

OPINION AND ORDER

William Naydol, a prisoner without a lawyer, filed a complaint and a motion for leave to proceed in forma pauperis. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). To state a claim under 42 U.S.C. § 1983 "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Naydol alleges that he asked Sergeant Robinson to go to the medical unit at the Westville Correctional Facility due to intense stomach pain. Sergeant Robinson responded by accusing Mr. Naydol of faking and by threatening to

issue him a disciplinary report, to move him to restrictive housing, and to spray him with mace. When Mr. Naydol persisted, Sergeant Robinson escorted him to a confinement cage and continued to threaten Mr. Naydol. In the confinement cage, Mr. Naydol rolled on the floor in pain and vomited eight times. More than an hour later, Sergeant Robinson took Mr. Naydol to the medical unit, where a physician confirmed that he needed treatment and admitted him to infirmary.

Mr. Naydol asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Sergeant Robinson for delaying medical care for his stomach pain. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Based on the allegations in the complaint, Mr. Naydol states a plausible Eighth Amendment claim against Sergeant Robinson.

For these reasons, the court:

(1) GRANTS William Naydol leave to proceed against Sergeant Robinson for money damages on an Eighth Amendment claim of deliberate indifference to serious medical needs for delaying medical care for his stomach pain on October 10, 2019;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Sergeant Robinson at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Robinson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Sergeant Robinson has been granted leave to proceed in this screening order.

SO ORDERED on February 10, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT